FILED

2008 Jul-24  PM 05:50
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOE H. CROUCH, an Individual; and SHERRY CROUCH, an Individual,** ) ) ) ) | |
| **Plaintiffs,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO.: _____** |
| **MILLER PIPELINE CORPORATION, a corporation,** ) ) ) | **JURY DEMAND REQUESTED** |
| **Defendant.** ) | |

## COMPLAINT

1.      Plaintiff, Joe H. Crouch, is over nineteen years of age and is a resident of the State of Alabama.

2.      Plaintiff, Sherry Crouch, is over nineteen years of age and is a resident of the State of Alabama.

3.      Defendant, Miller Pipeline Corporation, is an Indiana corporation doing business in the State of Alabama (hereinafter referred to as Defendant Miller Pipeline).

4.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. Venue is proper as the accident occurred in Jefferson County, Alabama.

5.      On the 6th day of May, 2008, the plaintiffs, Joe H. Crouch and Sherry Crouch were operating a motor vehicle upon a public road, to-wit: Pinson Valley Parkway at or near it's intersection with Springdale Road.  At said time and place, said Defendant Miller Pipeline, by and through its employee driver, acting in the line and scope of his duties for his employer Miller Pipeline, negligently, wantonly, and recklessly operated his commercial motor vehicle so as to rear end the vehicle occupied by Joe H. Crouch and Sherry Crouch.

## COUNT I - NEGLIGENCE

6.      Plaintiffs re-assert, re-allege and incorporate paragraphs 1-5 as if set out herein in full.

7.      Plaintiffs aver that said negligent conduct of the Miller Pipeline employee was the proximate cause of the injuries and damages to the plaintiffs, Joe H. Crouch and Sherry Crouch. At the aforesaid time and place the Miller Pipeline employee, individually and while in the furtherance of the business of, or while on an errand or mission for Miller Pipeline Corporation, negligently operated his vehicle.

8.      As a direct and proximate result of Miller Pipeline employee's negligent conduct, Joe H. Crouch was caused to suffer injuries, including but not limited to, his neck and back, as well as scrapes, bruises and contusions about the face and body and was otherwise injured, was prevented from engaging in his employment, suffered great pain of body and mind, incurred expenses for medical attention and was permanently injured. Plaintiff, Joe H. Crouch, was also caused to suffer property damages.

9.      As a direct and proximate result of Miller Pipeline employee's negligent conduct, Sherry Crouch was caused to suffer injuries, including but not limited to, her neck and back, as well as scrapes, bruises and contusions about the face and body and was otherwise injured, was prevented from engaging in her employment, suffered great pain of body and mind, incurred expenses for medical attention and was permanently injured. Plaintiff, Sherry Crouch, was also caused to suffer property damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 against the Defendant Miller Pipeline Corporation in an amount to be determined by a jury plus costs.

## COUNT II - WANTONNESS

10.     Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 9 as if set out herein in full.

11.     Plaintiffs maintain that the conduct of the Miller Pipeline employee, rose to the level of wantonness because he knew or should have known that as a result of his conduct the Plaintiffs would likely be injured.

12.     As a direct and proximate result of the Miller Pipeline employee's wanton conduct, Plaintiffs were caused to suffer permanent bodily injuries and damages as set forth above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 against the Defendant

Miller Pipeline Corporation in an amount to be determined by a jury plus costs.

### COUNT III - NEGLIGENT & WANTON ENTRUSTMENT

13.   Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 12 as if set out in full herein.

14.    Plaintiffs state that on or about May 6, 2008, Defendant Miller Pipeline Corporation negligently and/or wantonly entrusted a commercial motor vehicle to its employee.  Plaintiffs aver said Miller Pipeline employee's prior driving record, which includes a driving under the influence of alcohol, precludes him from operating a commercial motor vehicle.

15.    Plaintiffs aver that the said Miller Pipeline employee's negligent and/or wanton conduct in the operation of said entrusted vehicle was the proximate cause of the injuries and damages to the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 against the Defendant Miller Pipeline Corporation in an amount to be determined by a jury plus costs.

### COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION

16.    Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1 through 15 as if set out in full herein.

17.    Plaintiffs maintain that on or about May 6, 2008, Defendant Miller Pipeline, its agents and/or employees, negligently and/or wantonly hired, failed to adequately train,

and/or supervise its employee, who operated the Defendant Miller Pipeline's vehicle in a negligent and/or wanton manner causing injuries to the Plaintiffs.

18.     At the aforesaid time and place, the Miller Pipeline employee, individually and while in the furtherance of the business of Defendant Miller Pipeline or while on an errand or mission for Defendant Pipeline negligently and/or wantonly operated his vehicle.

19.     The above-described negligent and/or wanton hiring, training, and supervising of its employee, combined and concurred, to proximately cause the injuries and damages to the Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 against the Defendant Miller Pipeline Corporation in an amount to be determined by a jury plus costs.

## COUNT V - LOSS OF CONSORTIUM

20.     Plaintiffs re-assert, re-allege and incorporate by reference paragraphs 1-19 as if set out in full herein.

21.     Plaintiff, Sherry Crouch, is the wife of Plaintiff, Joe H. Crouch, and was the wife of Joe H. Crouch on May 6, 2008.

22.     As a proximate result of the negligent, wanton and wrongful conduct of the Defendant as set out herein above, Plaintiff, Sherry Crouch, was also caused to suffer the following injuries and damages:

(a)     She was caused and will be caused in the future to lose the services and

consortium of her husband; and

(b)     She was caused and will be caused in the future to suffer great emotional and

mental distress and anguish.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand judgment in excess

of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332 against the Defendant

Miller Pipeline Corporation in an amount to be determined by a jury plus costs.


Robert L. Gorham (ASB-0010-H66R)
Attorney for Plaintiffs


**OF COUNSEL:**
**GORHAM & ASSOCIATES LLC**
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339 Office
(205) 943-9338 Facsimile


## JURY DEMAND

Plaintiffs demand trial by struck jury.


Robert L. Gorham

**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:**

Miller Pipeline Corporation
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109